MANUFACTURERS' FINANCE CORPORATION, Appellant, *v.* GEORGE W. WOOD, INC., Defendant, Impleaded with GENERAL DISCOUNT CORPORATION and Another, Respondents.

First Department, April 22, 1927.

Fraud and deceit — warranty — action to recover for breach of warranty and for fraud and deceit on sale of trust receipts issued by automobile dealer — evidence shows that respondents knew that automobiles on which trust receipts were given had been converted by dealer — error to dismiss complaint at close of case — error to exclude testimony of officer of dealer that he did not tell plaintiff that automobiles had been converted — error to dismiss cause of action for money had and received.

In an action to recover damages for breach of warranty and for fraud and deceit based on the sale by the respondents of trust receipts issued by an automobile dealer to the respondents purporting to cover automobiles in the possession of the dealer, it was error for the court to dismiss the complaint at the close of the entire case. It appears that at the time of the sale of the trust receipts the respondents knew that the automobiles which they covered had been sold and converted by the dealer and were not in its possession, that the respondents falsely represented to the plaintiff that said automobiles were in the possession of the dealer, and that the plaintiff had no knowledge otherwise and believed and relied upon said representation.

It was error to exclude testimony by an officer of the dealer to the effect that he did not tell the plaintiff that the automobiles which the trust receipts purported to cover were not in the possession of the dealer but had been sold. This evidence was material on the question of lack of knowledge on the part of the plaintiff that the automobiles were not in the possession of the dealer, and as tending to establish the fact that the plaintiff relied on the representations made by the respondents.

It was error for the court to dismiss the fourth cause of action for money had and received because the evidence showed that there were misrepresentations of material facts inducing the purchase, and even though those misrepresentations were made innocently, the fact that they were made and that they induced the purchase, would give the plaintiff a right to recover on an implied promise.

APPEAL by the plaintiff, Manufacturers' Finance Corporation, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 15th day of March, 1926, upon the dismissal of the complaint at the close of the entire case.

First Department, April, 1927.                    [Vol. 220

. *Charles L. Guy* of counsel [*Milton P. Kupfer* and *Lawrence E. Bobker* with him on the brief; *Leo Oppenheimer,* attorney], for the appellant.

*John P. Booth* of counsel [*Thomas J. Kinsella* with him on the brief], for the respondents.

McAvoy, J.   The court at the Trial Term dismissed the complaint of the plaintiff in this action after defendants had rested. They offered no evidence.

The complaint has three causes of action, two for an alleged breach of warranty — one lies against the Morris Discount Co., Inc., and another against the General Discount Corporation, which are the respondents on the appeal — and the third counts in fraud and deceit against all of the defendants.

A fourth cause of action against all the defendants for money had and received was permitted, without objection, to be added at trial by amendment to the complaint.

The answer consists of denials and separate defenses.  The separate defenses are assertions to the effect that the defendants had no negotiations or transactions with respect to the transfer of certain trust receipts, the sales of which are the subjects of the various causes of action, to the plaintiff, but upon receipt of checks from plaintiff that they canceled certain trust receipts in their hands and delivered same to the plaintiff and marked the same paid and that the defendant George W. Wood, Inc., then issued its trust receipts covering the same subjects of the trust to the plaintiff.

The testimony showed that the plaintiff is a finance company which engaged in the business of financing automobile manufacturers.   The defendant George W. Wood, Inc., was a corporation dealing in automobiles, which purchased automobiles from manufacturers and borrowed funds from the respondents to pay for them.

The system of finance was called the "wholesale floor plan." Under this system, George W. Wood, Inc., purchased cars directly from the manufacturers.   The cars were billed in carload shipments, invoiced three to a car, a bill of lading, with sight draft, accompanying each shipment.   The bill was taken up by the respondents advancing to George W. Wood, Inc., approximately eighty-five per cent of the face amount of the shipment, so that George W. Wood, Inc., could pay for the cars received.   Upon the delivery of the cars to George W. Wood, Inc., they were put on the floor of its place of business and negotiable trust receipts for them were issued by George W. Wood, Inc., to and in favor of the respondents.

The trust receipt was a document executed by George W. Wood, Inc., to one of the respondents, who were affiliated concerns, under which George W. Wood, Inc., acknowledged receipt of an automobile specifically identified in the trust receipt by serial and motor number. George W. Wood, Inc., agreed in this trust receipt to hold the automobile described as the property of one of the respondent discount corporations, and in the event of sale of the automobile, it was agreed by George W. Wood, Inc., to keep the proceeds in trust for the discount corporation until paid over to it. Upon the trust receipt was a draft for the amount advanced by the discount corporation to George W. Wood, Inc., running for a time certain.

Eighteen of these negotiable trust receipts, each representing a transaction whereby the discount companies financed cars for George W. Wood, Inc., are involved. Originally, all of the trust receipts were made to the defendant General Discount Corporation, but the Morris Discount Co., Inc., the other defendant, when the General Discount Corporation was unable to carry out a transaction, advanced the necessary money to George W. Wood, Inc.

In May, 1925, the Morris Discount Co., Inc., owned ten, and the General Discount Corporation eight, of such trust receipts.

According to the practice of the discount companies so as to keep themselves informed from time to time that the automobiles which they had financed on this trust receipt plan were in the possession of their debtor, they made monthly check-ups, or " car checks " to determine whether or not the cars financed were still in such possession. This check or inspection was continued until George W. Wood, Inc., should pay the specific time draft in respect to the particular car which it covered. George W. Wood, Inc., was, under the terms and provisions of the trust receipt, the bailee for the respondents, and was under a duty to keep the trust cars in its possession or to account to the respondents for the proceeds of their sale.

In May, 1925, the respondents discovered that George W. Wood, Inc., did not have upon its premises many of the cars which had been financed under the trust receipt plan, and that they had been converted. They thereupon attempted to have the account closed up. The evidence as uncontroverted would show that the plaintiff was induced by the respondents to take over the negotiable trust receipts held by the respondents. This was alleged to have been brought about through the delivery of the plaintiff's check to one of the respondents, either the General Discount Corporation, or the respondent Morris Discount Co., Inc., and the transfer by either of them to the plaintiff of the negotiable trust receipts. At

the time of the payments and the transfer by defendants to the plaintiff of the negotiable trust receipts, they were stamped " Paid " and delivered to the plaintiff, and new trust receipts were issued by George W. Wood, Inc. At the time of the transfer of the certificates from the respondents to the plaintiff, the testimony showed that the respondents represented to the plaintiff that the cars covered by the trust receipts were actually on the floor and in the possession of George W. Wood, Inc., and that a check-up of the cars disclosing this fact had been made. This was contrary to the fact, and it was testified to that it was upon these representations that the plaintiff relied in taking over the trust receipts and paying the amounts represented by the time draft attached thereto, and this reliance and trust fraudulently induced the payment for these trust receipts which actually were not represented by any cars then in possession of the debtor.

The testimony is that at the time of the negotiation and transfer, the cars covered by these receipts were not on the floor or in the possession of George W. Wood, Inc., but to the knowledge of the respondents had been sold and converted by that company. Neither the cars nor the proceeds of the sales were in the possession of George W. Wood, Inc., or subject to the control of that company or of the respondents. The proof bears the inference that both the respondents, General Discount Corporation and Morris Discount Co., Inc., at that time knew the full facts with respect to the conversion of the cars or proceeds thereof by the defendant George W. Wood, Inc.

The proof also shows that the cars covered by the trust receipts had been sold and disposed of prior to the time of the last check-up made by the defendant's agent.

We think this recital of the state of the record establishes that both respondents directly received sums aggregating over $19,000; that they knew at the time when they received plaintiff's money that the plaintiff would be getting nothing in return from the trust certificates; that they did not inform the plaintiff of the true state of facts, and that they misrepresented the status of George W. Wood, Inc., account with defendants, respondents.

It was also error to exclude proof that at the time of the negotiations with plaintiff to take up the account of the defendants, the defendant George W. Wood, Inc.'s officer did not acquaint the plaintiff that there were no cars on the floor of George W. Wood, Inc., covered by the trust receipts. This proffered evidence was material for the purpose of establishing lack of knowledge on plaintiff's part of the fact that the cars were missing from George W. Wood, Inc.'s floor and also establishing the factor of plaintiff's

reliance on the representations made to it by the respondents that the contrary was the fact.

There was also error in dismissing the fourth cause of action for money had and received because the evidence showed that there were misrepresentations of material facts influencing the bargain, and even if the misrepresentations were found to have been made without knowledge of their falsity, the fact that they were made, and that they induced the plaintiff to part with its money on the supposition that they did exist when their non-existence was made evident, the law implied a promise on the part of the promisor to refund the moneys.

We think that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.